1    ELIZABETH A. BROWN (SB# 235429)
JENNIFER SVANFELDT (SB# 233248)
2    MATTHEW W. MORRIS (SB# 309741)
CARLOS I. MARTINEZ-GARCIA (SB# 300234)
3    lisabrown@gbgllp.com
jensvanfeldt@gbgllp.com
4    mattmorris@gbgllp.com
carlosmartinez@gbgllp.com
5    GBG LLP
601 Montgomery Street, Suite 1150
6    San Francisco, CA  94111
Telephone:  (415) 603-5000
7    Facsimile:  (415) 840-7210

8    Attorneys for Defendant
UNITED PARCEL SERVICE, INC., an Ohio
9    corporation, incorrectly sued herein as "United Parcel
Service, Inc., a Delaware corporation" and "UPS"

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13    THOMAS SIMS II on behalf of himself and      Case No.
others similarly situated,
14                                      **DEFENDANT UNITED PARCEL**
               Plaintiff,                  **SERVICE, INC.'S NOTICE OF**
15                                      **REMOVAL OF CIVIL ACTION TO**
        vs.                         **FEDERAL COURT**
16
UNITED PARCEL SERVICE, INC., a        (Alameda Superior Court Case No.
17    Delaware corporation; UPS, a business entity    RG19035659)
unknown; and DOES 1 to 100, Inclusive,
18
               Defendants.
19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF THOMAS SIMS II AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc., an Ohio Corporation, ("UPS" or "Defendant"), erroneously named as "United Parcel Service, Inc., a Delaware corporation" and "UPS, a business entity unknown," hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  Defendant removes this action pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a)) and 1441(a) and (b), for the following reasons:

1.      On or about September 16, 2019, Plaintiff Thomas Sims II filed a Complaint in the Superior Court of the State of California for the County of Alameda ("Superior Court") entitled "*Thomas Sims II on behalf of himself and others similarly situated v. United Parcel Service, Inc., a Delaware corporation; UPS, a business entity unknown; and DOES 1 through 100, Inclusive,*" designated as Case No. RG19035659 (the "Action").  A true and correct copy of Plaintiff's Complaint in the Action is attached to the Declaration of Jennifer Svanfeldt in Support of Defendant's Notice of Removal of Civil Action to Federal Court ("Svanfeldt Decl.") as Exhibit A.[1]

2.      The Complaint contains the following purported causes of action: (a) failure to pay minimum wage or overtime in violation of California Labor Code §§ 510, 1194, 1197, 1198 and the Wage Orders (First Cause of Action); (b) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512, 1198 and the Wage Orders (Second Cause of Action); (c) failure to provide rest breaks in violation of California Labor Code §§ 226.7, 1198 and the Wage Orders (Third Cause of Action); (d) failure to provide complete and accurate wage statements in violation of California Labor Code § 226 (Fourth Cause of Action); and (e) unfair business

---

[1] In accordance with 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings or orders that were served on UPS in this action also are attached to this filing as Exhibit A.

practices in violation of California's Unfair Competition Act ("UCL"), Bus. & Prof. Code §17200 *et seq.* (Fifth Cause of Action). Svanfeldt Decl.; Ex. A.

3. On October 16, 2019, Plaintiff effected personal service of the Complaint on Defendant's agent for service of process. *See* Svanfeldt Decl. ¶ 4, Ex. B.

4. Plaintiff alleges that defendant "UPS" is a "business entity unknown." Compl. ¶ 5. However, "UPS" is simply the initials of the Defendant and a commonly used acronym. It is not a separate related entity. Plaintiff was employed by United Parcel Service, Inc., an Ohio corporation, (also known as "UPS"), not a separate legal entity called "UPS." *See* Declaration of Ryan Swift in Support of Defendant United Parcel Service, Inc.'s Notice of Removal of Civil Action to Federal Court ("Swift Decl.") ¶ 2.

5. United Parcel Service, Inc., a Delaware corporation, is a holding company that is incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia. Swift Decl. ¶ 6. It has no employees in California and did not employ the Plaintiff. *Id.* Plaintiff was employed by United Parcel Service, Inc., an Ohio corporation.[2] Swift Decl. ¶ 2.

6. Defendants Does 1 through 100 are unnamed and unknown, and therefore have not been served with the Complaint. *See* Compl. ¶ 8.

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. True and correct copies of the Notice to Superior Court of Removal to Federal Court and Notice to Adverse Parties of Removal to Federal Court are attached to the Svanfeldt Declaration as Exhibits D and E, respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

8. This Notice of Removal is timely. It is filed within thirty (30) days of service of the Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b).

9. Venue is set in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

---

[2] To the extent they are deemed separate entities, all named Defendants consent to removal of this action to federal court.

-2-

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

10.     This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the following grounds.

**REMOVAL BASED ON CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. § 1332(d))**

1.     This Action is properly removed to this Court under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, §4(a), 119 Stat. 9.

2.     The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (1) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from that of any defendant.

3.     Plaintiff's Complaint is pled as a putative class action by which Plaintiff seeks to represent "current, former and/or future employees of DEFENDANTS who worked, work, or will work for DEFENDANTS as non-exempt hourly employees in California" from September 16, 2019 to the present.[3]  Compl. ¶ 3; *see also* Compl. ¶ 25 ("All current and former non-exempt warehouse employees employed in California at any time within the four years prior to the filing of the initial complaint in this action").  At this time, there are at least 81,000 individuals who were employed in non-exempt hourly inside warehouse positions by UPS in California between September 16, 2015 and October 1, 2019 alone.  Declaration of John Shipley in Support of Defendant United Parcel Service, Inc.'s Notice of Removal of Civil Action to Federal Court ("Shipley Decl.") ¶ 3; *see also* Compl. ¶ 3 (as noted above, the Complaint defines the class period as "four years prior to the filing of the complaint.").  Therefore, the requirement that the proposed class consist of at least 100 members is satisfied.

4.     UPS may properly remove this Action on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because:

---

[3] For purposes of this Notice of Removal, UPS considers the relevant time period to be four years prior to the date of the filing of the Complaint, September 16, 2019, to the date of the filing of this Notice of Removal.  *See* Bus. & Prof. Code §17208.

a.  Plaintiff Sims is now, and was at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332. *See* Compl. ¶ 3 ("At all times mentioned herein, the currently named Plaintiff is and was domiciled and a resident and citizen of California").

b.  Plaintiff's Complaint alleges that he has been employed by UPS in California as non-exempt employee. *See* Compl. ¶ 3.

c.  At least one currently-employed non-exempt hourly employee in California lists California as his state of residence. *See* Shipley Decl. ¶ 3.

d.  UPS is now, and was at the time this Action was commenced, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1) because UPS is now, and was at the time this Action was commenced, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Georgia. *See* Declaration of Ryan Swift in Support of Defendant United Parcel Service, Inc.'s Notice of Removal of Civil Action to Federal Court ¶¶ 2-5.

e.  The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

f.  The presence of a defendant called "UPS a business entity unknown" has no bearing on diversity with respect to removal. "UPS" is the initials of the Defendant, not a separate company.[4] Swift Decl. ¶ 2.

5.  Without admitting that Plaintiff and/or the purported classes could recover any damages, the amount in controversy placed by Plaintiff in this Action, in which Plaintiff asserts a maximum four-year liability period, exceeds $5,000,000, exclusive of interest and costs, based on the following:

a.  Under the removal statute, "[i]n any class action, the claims of the

---

[4] Even if a company called "UPS a business entity unknown" existed, it would not be a citizen of California. Swift Decl., ¶ 2.

1    individual class members shall be aggregated to determine whether the

2    matter in controversy exceeds the sum or value of $5,000,000, exclusive of

3    interest and costs."  28 U.S.C. § 1332(d)(6).

4    b.    Between September 16, 2015 and October 1, 2019, there were at least

5    81,000 individuals employed by UPS in California in non-exempt hourly

6    inside positions.  *See* Shipley Decl. ¶ 3.  Thus, there are at least 81,000

7    individuals who fall within the scope of Plaintiff's alleged class definition

8    and are alleged to be the Putative Class Members in this Action.

9    c.    The average hourly wage rate of individuals holding a non-exempt hourly

10    position in California between September 16, 2015 and October 1, 2019

11    was approximately $14.00.  *See id.* ¶ 4.

12    d.    In the Complaint, Plaintiff alleges that UPS failed to pay minimum wage,

13    and overtime, failed to provide meal periods, failed to provide rest breaks,

14    failed to provide accurate wage statements, and violated the UCL.  *See*

15    Compl., *passim*.  Plaintiff, on behalf of himself and those individuals he

16    alleges are similarly situated, seeks to recover unpaid wages and overtime,

17    penalties, restitution, and attorneys' fees against UPS for the four-year

18    period preceding the filing of the Complaint, continuing through the date of

19    final judgment.  *Id.*  Based on these allegations, the amount Plaintiff has

20    placed in controversy exceeds $5,000,000, as summarized and explained

21    below.[5]

22
23    i.    <u>Meal Period Compensation</u>:  In the Complaint, Plaintiff alleges that

UPS "failed to provide Plaintiff and other current and former

24    warehouse employees with all meal periods."  *See* Compl. ¶ 15.

25

26    ───────────────

[5] UPS discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.  In doing so, UPS does not admit that Plaintiff and/or the purported classes he seeks to represent are entitled to any damages or that Plaintiff will be able to recover on any of his theories of liability.

27

28

1   Plaintiff further alleges that UPS "failed to pay employees one hour

2   of pay at their regular rate of pay for each workday Plaintiff and

3   similarly situated employees did not receive all legally required and

4   legally compliant meal periods." Compl. ¶ 16.  Under the

5   California Labor Code, "[i]f an employer fails to provide an

6   employee a meal period or rest period . . ., the employer shall pay

7   the employee one additional hour of pay at the employee's regular

8   rate of compensation for each work day that the meal or rest period

9   is not provided." Cal. Lab. Code § 226.7(c).  Because these

10  payments are deemed to be wages, not penalties, the one-year

11  statute of limitations applicable to penalties does not apply.  *See*

12  *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th 1094, 1114

13  (2007) ("[W]e hold that the Court of Appeal erred in construing

14  section 226.7 as a penalty and applying a one-year statute of

15  limitations.  The statute's plain language, the administrative and

16  legislative history, and the compensatory purpose of the remedy

17  compel the conclusion that the 'additional hour of pay' [citation] is

18  a premium wage intended to compensate employees, not a

19  penalty.").  Thus, Plaintiff and the Putative Class Members may

20  potentially collect meal period compensation for the entire four-

21  year liability period specified in the Complaint.  As discussed

22  above, Plaintiff alleges that UPS failed to provide meal periods.

23  Assuming that Plaintiff and the Putative Class Members each

24  missed just five meal periods *during the entire liability period*, the

25  amount in controversy as to Plaintiff's meal break claims would be

26  at least $5,670,000 (5 meal period premiums x $14.00 per hour x

27

28

Case No.                                                      -6-          DEFENDANT'S NOTICE OF REMOVAL OF
                                                                            CIVIL ACTION TO FEDERAL COURT
88720869.3

1    81,000 Putative Class Members).[6]

2        ii.    <u>Rest Period Compensation</u>:  In the Complaint, Plaintiff also claims

3    that UPS failed to provide rest breaks to him and other warehouse

4    employees.  Compl. ¶ 19.  Assuming that Plaintiff and the Putative

5    Class Members each missed just five rest breaks *during the entire*

6    *liability period*, the amount in controversy as to Plaintiff's rest

7    break claims would be at least $5,670,000 (5 rest break premiums x

8    $14.00 per hour x 81,000 Putative Class Members).

9        6.    Accordingly, because proposed class members number at least 100, because there

10   is diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, and because

11   the amount in controversy is met, UPS has satisfied the requirements for removal under 28 U.S.C.

12   § 1332(d).

13       WHEREFORE, UPS hereby removes the above action now pending before the Superior

14   Court for the State of California for the County of Alameda to this Court.

15   DATED:  November 15, 2019    GBG LLP

16

17    BY:    /s/ Jennifer Svanfeldt
    JENNIFER SVANFELDT

18    Attorneys for Defendant
19    UNITED PARCEL SERVICE, INC.

20

21

22

23

24

25

26   [6] By estimating the amounts in controversy, UPS does not concede that Plaintiff or the purported classes he seeks to represent will prevail on any of the claims or that, if Plaintiff prevails, he and
27   the purported classes he seeks to represent are entitled to damages in any particular amount or at all.  UPS reserves the full right to dispute Plaintiff's claims with respect to both liability and
28   damages.